[No. 5357.]
[No. 3006 C. A.]

DIE GROSS-LOGE DES ORDENS DER HERMANNS-SOEHNE IM STAATE COLORADO V. WOLFER ET AL.

**Fraternal Associations—Insurance—Mutual Benefit Insurance—Assets of Subordinate Lodge—Rights of Grand Lodge.**

A fraternal benefit society, organized on the lodge system to provide, inter alia, for death benefits, instituted a subordinate lodge, and the officers and members of the latter, which disbanded, divided its assets instead of delivering them to the grand lodge, as required by the constitution. Held, that such assets were held by the subordinate lodge and its officers in trust; and, that the grand lodge can maintain an action against the officers of the subordinate lodge for the funds appropriated among themselves, and without bringing an action against the subordinate lodge, although incorporated, since the grand lodge has the right to follow the trust funds into the hands of such officers.—P. 399.

*Error to the District Court of Boulder County.*
*Hon. Christian A. Bennett, Judge.*

Action by Die Gross-Loge des Ordens der Hermanns-Soehne im Staate Colorado (a corporation), against C. F. Wolfer, Charles Niehoff, Alois Gutfelder, John Stoiber and John Vieweg. From a judgment of dismissal, after sustaining a demurrer to the complaint, plaintiff brings error.

*Reversed and remanded.*

Mr. JOHN W. HELBIG, for plaintiff in error.

Mr. RICHARD H. WHITELEY, for defendants in error.

This is a suit brought by the Grand Lodge of the Sons of Hermann, against certain individuals who were formerly officers of a subordinate lodge of the same order, to recover certain funds alleged to have been wrongfully diverted and appropriated among themselves and other members of the subordinate lodge.

A demurrer to the complaint was interposed by defendants upon the ground, among others, that it failed to state facts sufficient to constitute a cause of action against them. The court below sustained the demurrer, and plaintiff electing to stand on its complaint, judgment of dismissal was rendered. To review this judgment plaintiff prosecutes this writ of error.

The complaint, *inter alia,* avers that the plaintiff is, and ever since December 22, 1892, has been, a corporation, organized and existing under the laws of the state of Colorado, for the purpose of maintaining a secret fraternal and benefit society, on the lodge system; that its objects and corporate functions, among others, are, as stated in its articles of incorporation, as follows:

"The object for which our said association is formed and incorporated is for the purpose of having and maintaining a fund and acquiring title to and the possession of property, real and personal, for all purposes of our said society; granting, suspending and revoking charters of subordinate bodies; providing a death benefit for the widows, children, parents, brothers, sisters and legatees of deceased members, according to the priority provided for by the provisions governing the death benefit fund of

our said society; rendering financial aid out of said death benefit fund to members in case of death of their wives; providing for the burial of deceased members and doing all other things necessary to maintain a secret fraternal society, on the lodge system, as provided for in the ritual, constitution and by-laws of our said society.

"The association shall have power to make such prudential by-laws as they may deem proper for the management of the affairs of this association, according to the statute in such case made and provided, and to make a constitution for all lodges in the state of Colorado. Said association shall have sovereign jurisdiction and authority over all subordinate lodges, such to be known and designated as a 'Loge,' within the state of Colorado, with power to repeal and amend the by-laws and constitution aforesaid; but said association shall remain subject to the fundamental laws and regulations of its own constitution and that of the National Gross-Loge des Ordens der Hermanns-Soehne."

Article 3 of the constitution of the order prescribed by the grand lodge for the subordinate lodges provides:

"OBJECT.

"Section 1. Besides the purposes set forth in the preface and necessarily inherent in the association itself, the following is especially the duty of every lodge: Assistance of a brother and his family in all, also in business matters, aid when possible in every case of need; financial benefit in case of a brother's sickness and death of his wife, the same in favor of the widow on the death of a brother, and at such times as the rules and regulations (the laws) may provide; assistance of orphans in case of the

death of a brother or his widow. Fostering and preservation of German genius and German ethics.

"For the accomplishment of these purposes mutual dues are to be collected, which shall never be used for any but the objects of the order. Should a lodge disband itself, the then (last) officers of the lodge shall deliver up all the property of the lodge to the grand lodge. By a division of the property at hand, whether it consists of money or utensils, every lodge forfeits its charter, and every member voting therefor his membership, and can never be taken back in the order again without the consent of the grand lodge."

That the funds of the lodge are made up as follows:

Article 8 of said constitution: "All initiation fees, dues, assessments, penalties, presents and other income shall go into one common fund, out of which all disbursements are to be made."

That Andreas Hofer Lodge No. 13, Orden der Hermanns-Soehne, was originally, to wit, in or about the month of May, 1893, instituted by the plaintiff grand lodge as, and continued to be, an unincorporated lodge, subordinate to the said grand lodge; and, thereafter, to wit, January 10, 1895, the members of said lodge caused a certificate of incorporation to be filed in the office of the secretary of state of the state of Colorado, and by the said certificate of incorporation it was and is provided that defendant lodge should be a subordinate lodge of plaintiff society, and subject to plaintiff's constitution, laws and regulations and its own constitution as aforesaid, and the contracts and agreements thereunder arising, and defendant lodge thereupon assumed and agreed to be bound by the provisions thereof, and became and is the successor of said unincorporated lodge, and the said defendant lodge and the mem-

bers thereof are, and ever since such incorporation have been, firmly bound by the contracts and agreements, constitutions, laws and regulations herein mentioned. That defendants C. F. Wolfer, Charles Niehoff, Alois Gutfelder, John Stoiber and John Vieweg, were members and officers of Andreas Hofer Lodge at and about, as well as prior to, the time of disbanding and dissolving their said lodge as herein stated; that C. F. Wolfer was treasurer, Charles Niehoff and Alois Gutfelder were trustees, John Stoiber was president, and John Vieweg was vice-president thereof; that at and about the time of disbanding and dissolving their said lodge as aforesaid, defendant officers had in their possession, custody and control, besides certain other property, the sum of $703.18, as plaintiff is informed and believes, of the moneys of defendant lodge.

It is averred that the members of Andreas Hofer Lodge, and that defendants as officers thereof, on April 1, 1901, voluntarily and by mutual agreement disbanded and dissolved the said lodge, and voluntarily surrendered and relinquished their right, title and authority to be, and has ever since ceased to act as, such subordinate lodge, and the relationship existing by and between plaintiff and defendant lodge and the members thereof, as aforesaid, has been duly terminated.

The complaint further avers that the members of Andreas Hofer Lodge, including the defendant officers, in consideration of the principles and purposes of said grand lodge and order and the relationship accruing therefrom, have at all times heretofore assented to and agreed to be bound by the aforesaid constitutions, laws and regulations, contracts and agreements, and the defendant officers, as well as all other members of defendant lodge, heretofore, in consideration of their acceptance as members of

said order and their said lodge, and at the time of their initiation and installation as such members and officers, severally agreed to perform the obligations, matters and things on their part to be performed, and to deliver and pay over to the plaintiff society all said moneys and other property as aforesaid; that at and about the time of disbanding and dissolving their said lodge as aforesaid, defendant officers surrendered and relinquished to plaintiff society all other of the property of the defendant lodge except the moneys thereto belonging and amounting to the sum of $703.18; and notwithstanding the aforesaid contracts and agreements, constitutions, laws and regulations in the premises, and in utter disregard of the trust and the duty thereby created and imposed on plaintiff society, defendant officers heretofore wrongfully appropriated, converted and wasted the said moneys and deprived plaintiff society thereof, except the sum of $10.34, and wrongfully caused the same to be divided and disposed of by the said lodge and the members and defendant officers thereof by division of the said moneys among the members of defendant lodge, including the defendant officers aforesaid, for the purpose of depleting the funds of said lodge and disorganizing and discontinuing their said lodge; that said defendants have at all times since said April 1, 1901, failed and refused to render plaintiff society any account of the funds or financial statement of their said lodge, and have caused the books of account thereof to be concealed and destroyed so that plaintiff society should not ascertain the condition of the receipts and disbursements of the said lodge, and in order to conceal and suppress the true condition thereof, in order to cheat and defraud plaintiff society out of the moneys aforesaid; that the Andreas Hofer Lodge has no debts or obligations, and

that although plaintiff society has heretofore demanded of the defendants the money aforesaid, they have failed and refused to pay over to plaintiff society said moneys, or any part thereof, except the sum of $10.34.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The foregoing excerpts from the complaint and accompanying bill of particulars are sufficient to enable us to determine whether the complaint is obnoxious to the objection urged against it. That the moneys alleged to have been appropriated by defendants constituted a trust fund which could not rightfully be diverted from the purpose for which it was created, seems to us beyond dispute. It was contributed for the purposes specified in both charters of the grand and subordinate lodges and, as therein provided, was to be devoted exclusively "to the objects of the order," subject to the contingency that the subordinate lodge should disband itself, in which event the defendants expressly obligated themselves to deliver all the property of the lodge, whether it consisted of money or utensils, to the grand lodge. This fund, therefore, being held by the subordinate lodge and its officers, to whom it was committed, or to whose control it was subjected, upon these conditions, the defendants violated their trust and contractual obligation in disposing of it as alleged in the complaint. —*State Council v. Sharp,* 38 N. J. Eq. 24; *Knights of Pythias v. Germania Lodge,* 56 N. J. Eq. 63.

In these cases the facts were very like the facts in the present case, and the law, as therein announced, is particularly applicable to the question here involved.

In *State Council v. Sharp, supra,* Chancellor Runyan, at pages 26 and 27, uses this language:

"The defendants have willfully violated the law of the society in dividing up its funds among themselves and taking them to their own use. Of these funds, part, at least (that called the widows' and orphans' fund), was the accretion of years, and it is highly probable that others than they made some of the contributions from which, during those years, it has been accumulated. But from whomsoever derived, the money in question, the council and widows' and orphans' funds, was contributed under the charter for and dedicated to certain specified purposes, for which it was, from the time when it was contributed, held in trust by the society and its officers to whose hands it was committed or to whose control it was subjected. It was held by them subject also to the trust to pay it over to the state council in case of the dissolution of the subordinate one. The defendants, therefore, had no right to take the money. It is within the jurisdiction of this court to grant the relief which the complaint seeks."

The further contention of defendants in error is, that the subordinate lodge (being a corporation under the laws of the state), suit should be brought against it, at least in the first instance, and not against these individual defendants for any relief to which the grand lodge may be entitled. Answering a similar objection urged in *State Council v. Sharp,* the chancellor said:

"The fact that the subordinate council was incorporated does not affect the right of the complainant to recover the moneys received by the defendants. The complainant has a right to follow the trust funds into the hands of the defendants."

Our conclusion is, that the complaint states a cause of action against the defendants, and that un-

der the facts averred therein they are jointly and severally liable to the plaintiff in error for the funds they misappropriated.

The judgment is reversed, and the cause remanded.                    *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.